Filed 4/13/22  P. v. Guthrie CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IAN PATRICK GUTHRIE,<br><br>    Defendant and Appellant. | D079176<br><br><br>(Super. Ct. No. SCD258303) |

APPEAL from an order of the Superior Court of San Diego County, Albert Harutunian III, Judge.  Affirmed.

Ian Patrick Guthrie, in pro. per; and Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, a jury convicted Ian Patrick Guthrie and a codefendant of first degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury also found Guthrie had suffered a strike prior conviction (§ 667, subds. (b)-(i)) and a serious felony prior conviction (§ 667, subd. (a)(1)).  The jury found true an

---

[1]    All further statutory references are to the Penal Code.

enhancement allegation that a principal discharged a firearm causing death (§ 12022.53). Guthrie was sentenced to an indeterminate term of 50 years to life in prison due to the strike prior.

Guthrie appealed and this court affirmed the conviction in *People v. Johnson et al.* (2019) 32 Cal.App.5th 26. In 2020, Guthrie filed a petition for resentencing under section 1170.95. The court appointed counsel and received briefing. At one point the court issued an order to show cause (OSC), but later reconsidered the decision and withdrew it and denied the petition by written order.

Guthrie filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Guthrie the opportunity to file his own brief on appeal. Guthrie has responded by filing a supplemental brief. We will discuss his submission below.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in denying Guthrie's petition for resentencing under section 1170.95 at the prima facie stage based on the court's review of the record of conviction.

---

[2] The facts of the offenses are fully set forth in our prior opinion. We will not repeat them here.

In his submission, Guthrie complains about his original conviction. He argues his trial counsel was ineffective, the prosecutor committed misconduct, and the trial judge committed legal error. However, this appeal is not from the original trial and convictions. The appeal is from the denial of a postjudgment petition for resentencing. Guthrie's submission does not raise any arguable issues for reversal of the order denying his petition.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Guthrie on this appeal.

DISPOSITION

The order denying Guthrie's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

3